IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRANDON NEAL | ) |
| | ) |
| v. | ) NO. 3-12-0331 |
| | ) JUDGE CAMPBELL |
| BUFFALOE & ASSOCIATES | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 5). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff's action is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Plaintiff claims that Defendant violated the FDCPA in its attempt to collect a debt from Plaintiff for a Capital One account. Plaintiff alleges that Defendant violated the FDCPA by filing a lawsuit and obtaining a judgment against Plaintiff in Tennessee, where Defendant's offices are located, rather than in Nebraska, where Plaintiff lives and where the account at issue was opened.

Defendant filed the first lawsuit in Obion County, Tennessee, on January 18, 2011, and Plaintiff was served on January 24, 2011. Defendant contends that an agreed judgment was entered in that case on March 9, 2011.

On October 11, 2011, Plaintiff filed an action in the United States District Court for Nebraska, alleging that Defendant's actions in the Tennessee court amounted to a violation of the FDCPA. In the Nebraska case, Defendant filed a motion to dismiss for lack of personal jurisdiction.

The Nebraska court granted Defendant's motion and dismissed the case without prejudice on December 23, 2011.[1]

On April 2, 2012, Plaintiff filed this action, the factual allegations and claimed violations of which, Plaintiff claims, are identical to the Nebraska action. Defendant contends that Plaintiff's action is filed too late and is barred by the applicable one-year statute of limitations.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## STATUTE OF LIMITATIONS

The FDCPA provides that an action to enforce any liability created by the statute may be brought in any appropriate United States district court without regard to the amount in controversy,

---

[1] Plaintiff asserts that he asked the Nebraska court to transfer his claim to Tennessee, rather than dismissing it, but the Nebraska court made no ruling on that request.

or in any other court of competent jurisdiction, within one year from the date on which the violation occurs. 15 U.S.C. § 1692k(d). Defendant contends that Plaintiff's FDCPA claim arose when Defendant filed the Tennessee state court case, when Plaintiff was served with that complaint, or, at the latest, when judgment was entered therein.[2]

Plaintiff asserts that his re-filed Complaint here in Tennessee should relate back to the filing of the federal court action in Nebraska. The Federal Rules of Civil Procedure provide that amendments to a pleading may relate back to the date of the original pleading under certain circumstances. Fed. R. Civ. P. 15(c)(1). The lawsuit filed herein, however, is not an amendment to a pleading; it is the initiation of a new action.

Plaintiff also argues that equitable tolling of the statute of limitations allows adjudication of this claim. Plaintiff filed his original action in Nebraska within one year of Defendant's alleged wrongful conduct. Then, Plaintiff filed this action within one year of dismissal of the Nebraska action without prejudice. Defendant contends Plaintiff should not have the benefit of equitable tolling because he delayed the filing of this action for more than three months after dismissal of the Nebraska case.

The Sixth Circuit has not ruled on whether equitable tolling applies to claims under the FDCPA. *Ball v. Ocwen Loan Servicing, LLC*, 2012 WL 1745479 at * 6 (N.D. Ohio May 16, 2012). The Supreme Court, however, has stated that equitable tolling customarily applies to federal statutes, unless tolling would be inconsistent with the text of the relevant statute. *Id*. (citing *Young v. United*

---

[2] Courts are divided as to whether such claims accrue upon the filing of the underlying collection action or when the purported debtor was served with the complaint. *Ruth v. Unifund CCR Partners*, 2009 WL 585847 at * 4 (N.D. Ohio March 6, 2009) (citing cases). The Sixth Circuit has not addressed the issue. *Id*.; *see also Ball v. Ocwen Loan Servicing, LLC*, 2012 WL 1745479 at * 4 (N.D. Ohio May 16, 2012).

*States*, 535 U.S. 43, 49 (2002)). In *Ball*, the court accepted, for purposes of the pending motions, that equitable tolling is applicable in FDCPA actions. *Ball*, 2012 WL 1745479 at * 6.

To benefit from equitable tolling, a plaintiff must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. *Ball* at *6. Plaintiffs have the burden of persuading the court that they are entitled to equitable tolling. *Id*.

Factors to consider in determining whether equitable tolling is appropriate include (1) the plaintiff's lack of notice of the filing requirement, (2) the plaintiff's lack of constructive knowledge of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claims. *Ball*, 2012 WL 1745479 at * 7; *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006). These five factors are not comprehensive, nor is each factor relevant in all cases. *Id*.

In this case, Plaintiff was aware of the filing requirement and filed his FDCPA claim in Nebraska within the one-year statute of limitations. There is no prejudice to the defendant, who had notice of Plaintiff's claim, appeared in the Nebraska action and moved to dismiss that case for lack of personal jurisdiction. Plaintiff did not remain ignorant of the legal requirement for filing his claim. He filed within the one-year statute of limitations. That action was dismissed without prejudice.

Equitable tolling is permissible where the claimant actively pursued his judicial remedies by filing a defective pleading during the statutory period. *Irwin v. Department of Veterans Affairs*, 111 S.Ct. 453, 457-58 (1990); *Ruth*, 2009 WL 585847 at * 7. In *Burnett v. New York Central Rwy. Co.*, 85 S.Ct. 1050 (1965), the plaintiff timely filed his statutory federal claim in state court, where the court dismissed it for improper venue. The Supreme Court applied equitable tolling where the case

was subsequently re-filed in federal court outside the limitations period. The Court stated that when process has been adequate to bring in the parties and to start the case on a course of judicial handling which may lead to final judgment, it is enough to commence the action within the federal statute. *Id.* at 1053.

Here, unlike *Ruth*, Plaintiff did not voluntarily dismiss his claim in Nebraska. The Nebraska court dismissed Plaintiff's claim without prejudice to its being re-filed in a court with personal jurisdiction over Defendant. Defendant had notice that Plaintiff was pursuing his claim.[3] A delay of three months to obtain local counsel and file his action in Tennessee is not unreasonable.

For these reasons, the Court finds that the statute of limitations for Plaintiff's FDCPA claim was equitably tolled while Plaintiff, albeit incorrectly, pursued his claim in the Nebraska court. Therefore, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[3] The Nebraska court could have chosen simply to transfer Plaintiff's case to this Court, and there would be no statute of limitations defense. Instead, the Nebraska court dismissed the action without prejudice. The Court will not make a distinction between these two actions under these circumstances.